1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SUMMER DAWN TURNER,

Case No. C22-359-RSL

Plaintiff,

10

ORDER TO SHOW CAUSE

v.

11
12

BCFORWARD and FACEBOOK,

13

Defendants.

14

15        This matter comes before the Court on its review of plaintiff's complaint (Dkt. # 7).  On

16  March 31, 2022, the Honorable Brian A. Tsuchida granted plaintiff's motion to proceed *in*

17  *forma pauperis* but recommended that this Court review the complaint under 28 U.S.C.

18  § 1915(e)(2)(B) before issuance of summons.  See Dkt. # 6.

19        The Court, having reviewed the record as a whole under the standards articulated in

20  28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally, see

21  Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), finds that plaintiff's

22  complaint is deficient.

23        Pursuant to Fed. R. Civ. P. 8(a)(1), the complaint must contain "a short and plain

24  statement of the grounds for the court's jurisdiction."  As a district court of the United States

25  rather than a state court of Washington, the Court is a federal court of limited jurisdiction.  This

26  means that it possesses "only that power authorized by the Constitution and statute."  Exxon

27  Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  Whether the Court has power

28  to hear a specific claim is known as its "subject-matter jurisdiction."  If the Court determines at

ORDER TO SHOW CAUSE - 1

any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.  Fed. R. Civ P. 12(h)(3).  By statute, Congress has given the Court subject-matter jurisdiction over two types of cases: (i) federal question cases, meaning "civil actions that arise under the Constitution, laws, or treaties of the United States," and (ii) diversity cases, meaning "civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens."  Id. (citing 28 U.S.C. §§ 1331, 1332).  A natural person's State of citizenship is "her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of every State (i) by which it has been incorporated, and (ii) where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Diversity jurisdiction also requires that the amount in controversy "*exceeds* the sum or value of $75,000."  28 U.S.C. § 1332(a) (emphasis added).  As the party seeking a federal venue by filing a complaint in federal court, plaintiff has the burden of establishing all jurisdictional facts.  See In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008).

Plaintiff's complaint does not assert the basis for jurisdiction, and it is not clear what the basis might be.  Regarding federal question jurisdiction, plaintiff appears to appeal denial of unemployment benefits, alleging that her ex-employers lied.  Unemployment benefits appeals are generally a state law matter, and therefore do not provide the Court with federal question jurisdiction.  Regarding diversity jurisdiction, plaintiff alleges that the amount in controversy is exactly $75,000.  Even assuming that plaintiff is a citizen of Washington State and defendants are not (jurisdictional facts that are missing from the complaint), plaintiff's claim for *exactly* $75,000 is insufficient to establish diversity jurisdiction, as the amount in controversy must *exceed* $75,000.

Further, pursuant to Fed. R. Civ. P. 8(a)(2), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court will assume the truth of the plaintiff's

allegations and draw all reasonable inferences in her favor, Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987), but the allegations must give rise to something more than mere speculation that plaintiff has a right to relief, Twombly, 550 U.S. at 555.  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Twombly, 550 U.S. at 570.  Here, the Court would have to speculate not only regarding the nature of her claim, but also about the factual basis for her claim.  Plaintiff does not identify what her claim is.  Plaintiff also explains neither how defendants lied and abused her nor the connection between these acts and her qualification for unemployment and other injuries.

For the foregoing reasons, plaintiff is hereby ORDERED TO SHOW CAUSE why the complaint should not be dismissed for lack of subject-matter jurisdiction and/or failure to allege facts that give rise to a plausible inference that relief is warranted.  Plaintiff shall, within thirty (30) days of this order, file an amended complaint which remedies the deficiencies set forth above.  If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed without prejudice.

The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, May 13, 2022.

The Clerk of Court shall provide a copy of this Order to plaintiff.

DATED this 11th day of April, 2022.

Robert S. Lasnik
United States District Judge